**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

ELMER YU, TRUSTEE OF THE ELMER )
YU REVOCABLE TRUST U/A/D )
08/11/2021, WILMA YU, TRUSTEE OF )
THE WILMA YU REVOCABLE TRUST )
U/A/D 08/11/2021, and CHRISTINE )
WELCH, Individually, )
     Petitioners, )
         )
 v. )   C. A. No. 2022-0014-SEM
         )
JAMES CAHILL and ELAINE CAHILL, )
         )
     Respondents. )

## ORDER STAYING CASE

**WHEREAS:**

A. The petitioners brought this action on January 5, 2022, to enforce deed restrictions they assert prohibit their next door neighbors' closed stockade fence.[1] According to the petitioners, the respondents notified them for the first time on November 14 that disabilities necessitated the fencing as a reasonable accommodation.[2] The respondents repeated that assertion on January 9, 2023.[3]

B. That same day, the respondents filed a complaint with the State of Delaware Human Relations Commission, asserting the petition enforcing deed

---

[1] Docket item ("D.I.") 1.

[2] D.I. 30 ¶ 10.

[3] D.I. 30 ¶ 12; *id.* Ex. K.

restrictions was discriminatory.[4]  Two days later, the respondents moved to stay discovery pending the HRC's determination.[5]  That motion was denied, in large part due to the large period of time between when petitioners brought this action and when respondents filed their HRC complaint.[6]  No party took exception to that ruling.

C.    The parties proceeded to present the Magistrate with cross-motions for summary judgment, which were heard on May 23, 2024, and decided via final report on September 6.[7]  The Magistrate found the fence violated the applicable deed restrictions, and recommended a permanent injunction ordering removal of the fence.  The respondents filed a notice of exceptions to that final report on September 17.[8]

D.    On September 18, the respondents filed a second motion to stay.  The respondents told the Magistrate that on August 28, the Delaware Division of Human and Civil Rights ("DHCR") had determined that the petitioners' effort to have the respondents remove the fence was an unlawful act of housing discrimination.[9]  The

---

[4] D.I. 30 Ex. N.

[5] D.I. 27.

[6] D.I. 38.

[7] D.I. 65; D.I. 66.

[8] D.I. 67.

[9] D.I. 68 ¶ 7; *id.* Ex. A; *see also id.* ¶ 10 ("It is not known whether the Magistrate, in issuing the Final Report on September 6, 2024, had notice of the Charge of Discrimination issued

respondents had also elected to take the charge to the Superior Court.[10]  But no Superior Court suit was filed before the Magistrate denied the second motion to stay on October 28.[11]

E.      On November 7, the respondents filed a notice of exceptions to that denial.[12]  The exceptions were assigned to the undersigned on November 12.[13]  The parties briefed the exceptions, with the final brief filed on January 3, 2025.[14]

F.      While the exceptions were being briefed, on December 9, the Delaware Department of Justice (the "DOJ") brought suit against the petitioners in Superior Court.[15]  The DOJ alleges the petitioners continued this action to enforce deed restrictions against the respondents' fence even after being told of respondent Elaine Cahill's disabilities, that doing so was discriminatory and in violation of fair housing statutes, and that those "discriminatory actions have resulted in a Chancery Court

---

by the Delaware Division of Human and Civil Rights on August 28, 2024, or the Petitioners' election to have the discrimination claims adjudicated in the Superior Court.").

[10] D.I. 68 ¶ 8.

[11] D.I. 79.

[12] D.I. 74.

[13] D.I. 75.

[14] D.I. 81; D.I. 82; D.I. 84.

[15] D.I. 81 at A101–09; *Del. Hum. & Civ. Rts. Comm'n ex rel. Cahill v. Welch*, C.A. No. N24C-12-088 KMM (Del. Super.)

3

decision ordering the [respondents] to remove the 6' fence located in their back yard."[16]

G.  "The Court's right to grant a stay is within the exclusive discretion of the Court.  The discretion to issue a stay is inherent in every court and flows from its control over the disposition of cases on its docket.  When deciding a motion to stay, this Court recognizes the inherently discretionary nature of a decision on a stay motion and the importance of striking a sensible balance of the relevant competing interests."[17]

**IT IS ORDERED** this 31st day of January, 2025, that this matter is hereby **STAYED**.

1.  After the Magistrate denied the second motion to stay and the parties briefed exceptions thereto, the issue of whether the respondents must take down their fence became squarely caught between this court of equity and deed restrictions on the one hand, and a court of law and fair housing statutes on the other.  An officer of this Court has ruled the fence must come down; the DHCR and DOJ have concluded the petitioners' efforts to obtain that ruling constitute discrimination.  If the DOJ wins in Superior Court, I presume the respondents could keep the fence up.

---

[16] D.I. 81 at A106 ¶ 23.

[17] *In re Insys Therapeutics Inc. Deriv. Litig.*, 2017 WL 5953515, at *2 (Del. Ch. Nov. 30, 201) (cleaned up).

2.     Judicial economy and the potential for conflicting outcomes compel a stay. Without estimating as to the likelihood, one possibility is that this Court would spend additional resources dismissing the exceptions and order the fence taken down, only for the Superior Court to order that conclusion was reached via discrimination. Additional disagreement over the cost of putting the fence back up would no doubt follow. Staying this action avoids that painful possibility. The stay is at the cost of a continued deed restriction violation.[18] While that cost is significant,[19] it would be temporary if both matters support taking the fence down.

3.     The parties shall keep this Court apprised of any material developments in the Superior Court action. The stay on exception will be lifted if the Superior Court matter is dismissed or resolves in the defendants' favor.


                                        /s/ Morgan T. Zurn
                                    Vice Chancellor Morgan T. Zurn


---

[18] The respondents have not taken exception to the conclusion that the fence violates the restriction; only that the petitioners are not suffering irreparable harm sufficient to support injunctive relief.

[19] *Council of Ass'n of Unit Owners of Pelican Cove Condominium v. Yeilding*, 2020 WL 2465725, at *3 (Del. Ch. May 13, 2020); *Slaughter v. Rotan,* 1994 WL 514873, at *3 (Del. Ch. Sept. 14, 1994). The respondents have not taken exception to the conclusion that the fence violates the restriction; only that the petitioners are not suffering irreparable harm sufficient to support injunctive relief.